Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>GALVIN JOHN HERNÁNDEZ HEREDIA<br><br>Parte Peticionaria | TA2026CE00443 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Casos Núm.<br>J LE2020G0115;<br>J LE2020G0116;<br>J LE2021G0286;<br>J LE2021G0287<br><br>Sobre: Art. 2.8, 3.1 y 3.2 de la Ley 54 del 1999 (Violencia Doméstica) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparece el Sr. Galvin John Hernández Heredia (señor Hernández Heredia o peticionario) mediante recurso de *certiorari* instado el 10 de abril de 2026. Solicita que revoquemos las *Sentencia[s] Enmendada[s] de Revocación de Probatoria* emitidas en los casos de epígrafe el 9 de marzo de 2026, y notificadas el 11 de marzo de 2026, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce. En dichos dictámenes, el TPI revocó el privilegio de libertad a prueba concedido al peticionario en la sentencia de 10 de diciembre de 2021 -debido su incumplimiento con las condiciones 6, 9, 10 y 11 de su probatoria- y ordenó que extinguiera la pena total impuesta de siete (7) años y seis (6) meses de reclusión.

En las fundamentadas *Sentencia[s] Enmendada[s] de Revocación de Probatoria* que motivaron la presentación de este recurso, el TPI consignó haber evaluado la prueba presentada durante la vista final de revocación[1], enumeró los hechos probados

---

[1] Cabe señalar que el señor Hernández Heredia compareció a la vista representado por abogado.

bajo el estándar de preponderancia de la evidencia y concluyó que el señor Hernandez Heredia incumplió las condiciones de la probatoria, según fueron imputadas en el *Informe de Violación de Condiciones.*

Ante nos, el señor Hernández Heredia le imputó al TPI la comisión de los siguientes señalamientos de error:

A. Erró el Honorable Tribunal de Primera Instancia al determinar la revocación de la Sentencia de Probatoria del Sr. Galvin J. Hernández Heredia por alegadamente violar las condiciones 6, 9, 10 y 11 de la Probatoria.

B. Erró el Honorable Tribunal de Primera Instancia al permitir que fiscalía añadiera testigos ya con la vista comenzada, dándose cuenta que no podía establecer los elementos necesarios para la revocación de probatoria y en violación al Debido Proceso de Ley.

C. Erró el Honorable Tribunal de Primera Instancia al permitir las declaraciones hechas por la Sra. Maribel Torres sin ser testigo de la vista y sin establecerse los requisitos necesarios de las Reglas de Evidencia de Puerto Rico.

Como se observa, los señalamientos de error apuntados por el señor Hernández Heredia guardan relación, específicamente, con la prueba presentada en la vista de revocación de probatoria, así como con su admisibilidad. Es decir, los errores versan no tan solo sobre una cuestión de derecho, sino que también abarcan cuestiones de credibilidad. Inclusive, en su escrito el peticionario compendia parte de la prueba oral presentada durante la vista. A pesar de lo anterior, y de haber anunciado que así lo haría, el señor Hernández Heredia no proveyó una transcripción o reproducción de la prueba oral, conforme lo dispuesto en la Regla 34(C)(3) y Regla 76 del Reglamento de este Tribunal[2].

En otro extremo, al examinar los argumentos esbozados por el señor Hernández Heredia en su escrito, y tras un análisis del tracto procesal que motiva la presentación del recurso de epígrafe,

---

[2] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025), Regla 34(C)(3) y Regla 76 del Reglamento del Tribunal de Apelaciones.

a la luz de los criterios establecidos en la Regla 40 del Reglamento de este Tribunal[3], no encontramos razón alguna para intervenir con la determinación recurrida. Lo resuelto es razonable y no denota un abuso de discreción por parte del foro primario. Además, el peticionario no nos ha provisto de evidencia que nos mueva a sustituir el criterio del foro recurrido, mediante la evaluación de la prueba.

En fin, el señor Hernández Heredia no demostró que el TPI actuara con prejuicio o cometiera un error manifiesto en su determinación. Mucho menos justificó que estemos ante una situación en la que, al expedir el recurso de *certiorari,* se evitaría un fracaso de la justicia.

Ante la ausencia de justificación para intervenir con el dictamen recurrido, de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[4], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] *Íd.,* Regla 40.
[4] *Íd.,* Regla 7(B)(5).